IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VA LYNCIA R. WILDER, et al. | § | |
| | § | |
| v. | § | 1:18-cv-264-RP-AWA |
| | § | |
| MWS CAPITAL, LLC, et al. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's complaint (Dkt. No. 1) and Motions to Proceed *In Forma Pauperis* (Dkt. Nos. 2, 6, & 7).[1] The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Wilder's Application to Proceed *In Forma Pauperis* (Dkt. No. 7), the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Wilder *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Wilder is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion,

---

[1] As Wilder has filed corrected applications to proceed *in forma pauperis*, Wilder's original application (Dkt. No. 2) is **DENIED AS MOOT**.

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

However, Wilder also seeks to proceed *in forma pauperis* on behalf of Onawa Taxas of Tonkawa of Texas (Dkt. No. 6). The Supreme Court has held that § 1915 applies only to natural persons, and as such, "artificial entities", such as associations and corporations, cannot proceed *in forma pauperis*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993); *Tehuti v. Zientz*, 2016 WL 1238605, at *1 (N.D. Tex. Mar. 8, 2016) ("Because the in-forma-pauperis motion pending in this case is styled, in part, on behalf of an organization, and not a natural person, the in-forma-pauperis motion must be denied."). As such, Onawa Taxas' Application to Proceed *In Forma Pauperis* (Dkt. No. 6) is **DENIED**.

As stated below, this Court has conducted a review of the claims made in Wilder's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

**II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW**

Because Wilder has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519,

520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Here, Va Lyncia Wilder brings this case alleging—as best the Court can determine—that MWS Capital, LLC and its agent Kammie Marshall "trespassed on tribal land to make a claim." Dkt. No. 1 at 6. Specifically, Wilder alleges that MWS and Marshall "made invalid claims of ownership and authority over [the] tribal property" with "no valid documentation to support its claims." *Id.* Wilder asserts that the property at 8525 Reggio Street, Round Rock, Texas is owned by a Native American tribe, Onawa Taxas of Tonkawa of Texas. *Id.* She therefore claims that MWS and Marshall's actions violated 25 U.S.C. § 177. However, as noted in this Court's previous Order (Dkt. No. 5), a pro se plaintiff is only entitled to "appear on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se." *Patent*

3

*Group, LLC v. Johnny Ray, LLC*, 2:10-cv-380, 2010 WL 4287200, at *1 (E.D. Tex. Nov. 1, 2010) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993) (per curiam)). Here, Wilder does not allege that she owns the property on which MWS and Marshall are alleged to have trespassed. In fact, her affidavit in support of her application to proceed *in forma pauperis* states clearly that she does not own *any* property. *See* Dkt. No. 7 at 3. Instead, she claims that the property is owned by Onawa Taxas. *Cf.* Dkt. No. 6 at 3. Wilder is (allegedly) merely the "Chief Law Advocate" for the alleged tribe, and does not assert any property rights in the house.[2] Therefore, Wilder is not entitled to bring this pro se case on behalf of the entity. As Wilder has not alleged any individual claims, this case should be dismissed as frivolous.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Wilder *in forma pauperis* status (Dkt. No. 7) and **DENIES** Onawa Taxas of Tonkawa's Application to Proceed *In Forma Pauperis* (Dkt. No. 6). The undersigned further **DENIES AS MOOT** Wilder's First Application to Proceed *In Forma Pauperis* (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Wilder's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]All of this leaves to the side the question of whether "Onawa Taxas of Tonkawa of Texas" is a recognized Native American tribe, much less a legal entity of any kind, as well as the question as to whether this alleged entity owns the property in question. What this suit appears to be is an attempt by Wilder to avoid foreclosure of her property by making a spurious claim that the property—despite the fact that it is a run-of-the-mill suburban home—is tribal land.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE